IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 CR 07 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| SCOTT LEWIS and | ) | |
| VERNON WILLIAMS | ) | |
| | ) | |
| Defendants. | ) | |

### *MEMORANDUM OPINION AND ORDER*

Defendants Scott Lewis ("Lewis") and Vernon Williams ("Williams") are charged in three counts of a four-count Indictment with: (1) conspiring to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2 (Count I); (2) possession with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 846 and 21 U.S.C. § 2 (Count II); and (3) knowingly possessing a firearm in furtherance of, and carrying a firearm during and in relation to, drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A).[1] Before the Court are various motions in limine. For the reasons stated, this Court reserves ruling on the Government's Motion to Preclude an Entrapment Defense with respect to Lewis and grants it with respect to Williams, grants the Government's Motion Concerning Recorded Conversations, grants in part and denies in part the Defendants' Motion for Production of the CI, grants the Government's request to require the Defendants to make a pretrial proffer of the CI's expected testimony and its request to conduct a *voir dire* of the CI, reserves ruling on the Government's request to restrict Defendants' impeachment of the CI, denies Williams' Motion

---

[1] Count IV of the Indictment charges Co-Defendant Lavoyce Billingsley with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Billingsley is not being tried with Lewis and Williams.

Concerning the Video Arrest of Defendants on January 4, 2007, and reserves ruling on Williams' Motion Concerning the Alleged Statements of his Co-Defendant Scott Lewis.

## *BACKGROUND*

Sometime in September 2006 Lewis was introduced to a confidential informant ("CI"). In December 2006 the CI approached Lewis with the idea of robbing a Mexican drug organization. The CI told Lewis that he would have to meet an associate of his, a disgruntled drug courier for the drug organization, to get more details. Thereafter, the CI introduced Lewis to an undercover agent ("UCA") posing as the disgruntled drug courier. At a later date, Lewis introduced the UCA to Williams. Throughout the investigation, numerous phone conversations and in-person meetings were recorded between the Defendants and the CI and the Defendants and the UCA. On January 4, 2007, Lewis and Williams were arrested for conspiring to conduct an armed, home-invasion robbery of the Mexican drug organization.

## *DISCUSSION*

**A**. **Government's Motion to Preclude an Entrapment Defense**

The government moves this Court to preclude Lewis and Williams from asserting an entrapment defense at trial. The Government asserts that Lewis and Williams will not be able to set forth sufficient *prima facie* evidence to demonstrate a viable entrapment issue because they will be unable to demonstrate that they lacked the predisposition to commit the crimes charged in the Indictment. Alternatively, the Government requests that if this Court allows Defendants to argue an entrapment defense at trial, the Government be allowed to admit Lewis and Williams' previous convictions that are relevant to whether they had a predisposition to commit the crimes charged in the Indictment.

*1. Preclusion of Entrapment Defense*

The defense of entrapment requires proof of the government's inducement of the crime and of the defendant's lack of predisposition to engage in the criminal conduct. *See Mathews v. United States*, 485 U.S. 58, 63 (1988). As a prerequisite for presenting the defense of entrapment to the jury, a defendant must produce sufficient evidence upon which a rational jury could infer that he was entrapped into committing the crime charged. *See Id.*; *United States v. Teague*, 956 F.2d 1427, 1434 (1992). Only if a defendant meets this threshold burden is he entitled to present the question of entrapment to the jury for resolution. *See Mathews*, 485 U.S. at 63. The defendant's initial burden "requires presenting more than a scintilla of evidence," although the evidence need "not be so substantial that, if uncontroverted, it supports a finding of entrapment as a matter of law." *U.S. v. Blassingame,* 197 F.3d 271, 280 (7th Cir. 1999).

"The issue of whether there is sufficient evidence of entrapment to support submission of that defense to a jury typically arises after the evidence has been received at trial." *Santiago-Godinez v. United States,* 12 F.3d 722, 727 (7th Cir. 1993). "[W]hether or not an entrapment defense is available to a defendant is typically not amenable to pretrial resolution." *Id*. This is because whether entrapment occurred is a factual issue, "the defense of which is intertwined with the issue of intent and is often based on credibility determinations, which are traditionally reserved for jury resolution." *Id*. "A pretrial determination of the sufficiency of the evidence. . . is the exception rather than the rule." *United States v. Johnson*, 32 F.3d 304, 307 (7th Cir. 1994). The sufficiency question may be decided on a pretrial motion "only when it is clear that the evidence to be offered by the defendant can, under no interpretation, be considered sufficient to sustain his or her burden in proving the entrapment defense." *Id.*

Here, the Government asserts that an entrapment defense is unavailable to Lewis and Williams as a matter of law because they cannot establish a lack of predisposition. In assessing a defendant's predisposition to commit the offense in question, the following factors are relevant: (1) the character and reputation of the defendant; (2) whether the government first suggested the criminal activity; (3) whether the defendant engaged in the crime for profit; (4) whether the defendant demonstrated a reluctance to commit the offense that was overcome by government persuasion; and (5) the nature of the inducement or persuasion offered by the government. *See U.S. v. Higham*, 98 F.3d 285, 290 (7th Cir. 1996).

    a. Defendant Lewis

In response to the Government's motion, Lewis submitted an *ex parte* pretrial proffer of evidence supporting his entrapment defense. The following facts were submitted by Lewis as part of his pretrial proffer.

Lewis met the CI in September of 2006 at his neighbor's house. Over the next several months, the CI approached Lewis and asked Lewis to help him purchase illegal narcotics. Lewis declined. The CI then enticed Lewis to use cocaine. Lewis refused until the CI began to boast about his gang affiliation. Lewis became intimidated and scared, he felt pressure to use cocaine with the CI and he gave in. During subsequent meetings with the CI, Lewis and the CI regularly engaged in the consumption of cocaine.

At some point, the CI approached Lewis and told Lewis that he would pay him to find distributors of cocaine and guns. The CI also advanced Lewis a half an ounce of cocaine to sell for profit. The agreement was that Lewis would sell five hundred dollars worth of cocaine to give to the CI and keep the rest of the cocaine for himself. Lewis was unable to come up with the five

4

hundred dollars to pay the CI. When Lewis could not pay the CI, the CI threatened to cause Lewis bodily harm. The CI told Lewis that he and his "associates" would collect the debt. After making these threats, the CI told Lewis that an alternative to paying the five hundred dollars was that Lewis could assist the CI in the robbery of some drug dealers the CI knew. Lewis refused.

Over the next few days, the CI kept asking Lewis to participate in the robbery and said he would teach Lewis what to do. Lewis refused. After some time passed, Lewis realized he would not be able to obtain the funds to repay the CI. Lewis was afraid that he would be physically harmed if he did not come up with the money and continue to refuse to assist in the robbery, so he agreed to participate.

Although not entirely evident at this stage, Lewis' proffer may be a sufficient basis for an entrapment defense. It is not clear that as a matter of law Lewis is unable to produce sufficient evidence at trial of entrapment to entitle him to present that defense to a jury. For example, Lewis asserts, and the Government has admitted, that the CI was the one that first suggested the robbery to Lewis. If a defendant accepts a criminal offer without being offered extraordinary promises, the type of promises that might entice an otherwise law abiding person, he demonstrates his predisposition to commit the type of crime involved. *See United States v. Evans*, 924 F.2d 714, 718 (7th Cir. 1991). Here, the CI may have fronted him with cocaine to a level that Lewis would not normally have purchased and then threatened to cause him physical harm if he failed to participate. This hybrid defense of entrapment and coercion cannot fully be determined until the facts are presented at trial. Therefore, this Court will reserve a final ruling on the Government's motion to preclude Lewis from asserting an entrapment defense until it has considered the evidence at trial. *See United States v. Haddad*, 462 F.3d 783, 789 (7th Cir. 2006) (reserving ruling on government's

motion to preclude entrapment defense until all of the evidence at trial was considered). Comments concerning entrapment are therefore not to be included in any opening statements which are made before the government puts on its case.

### b. Defendant Williams

Unlike Lewis, Williams never responded to the Government's motion and never submitted a pretrial proffer of evidence to support an entrapment defense. While Williams' failure to respond to the Government's motion within the time frame set by this Court, "shall not be deemed a waiver to the motion or a withdrawal of opposition thereto" this Court can reach the merits of the Government's motion without considering any response by Williams. *See* LCrR47.1. Additionally, where a defendant fails to proffer entrapment evidence, the court can appropriately find that his response to a government's motion to preclude an entrapment defense is "insufficient as a matter of law" and "issue a pretrial ruling precluding the presentation of the defense at trial." *Blassingame,* 197 F.3d at 279. Because no pretrial proffer was made to support the entrapment defense for Williams, the Government's motion to preclude Williams from presenting an entrapment defense at trial is granted.

### *2. Admissibility of Lewis and Williams Convictions*

As mentioned previously, the Government requests that this Court allow it to introduce Defendants' previous convictions to demonstrate a lack of predisposition should they be allowed to present an entrapment defense at trial. It is highly probable that Lewis' convictions are admissible at trial to rebut lack of predisposition. *See U.S. v. Bastanipour*, 41 F.3d 1178, 1183 (7th Cir. 1994) (holding a defendant's prior criminal acts are "admissible to prove predisposition in an entrapment case, because in such a case the defendant's predisposition to commit the charged crime

is legitimately at issue"). As such, Lewis asserts the defense of entrapment at his own peril. A more thorough analysis of the convictions is reserved for trial.

**B. Government's Motion Concerning Admission of Recorded Conversations**

The Government moves this Court to admit the tape-recorded conversations between the Defendants and the CI. In support of its motion, the government asserts that the recorded conversations should be admitted regardless of whether the CI testifies because it can lay a proper foundation, and that admitting the recorded conversations in the absence of the CI's testimony at trial does not violate the Confrontation Clause of the Sixth Amendment. In its motion, the Government also requests that this Court make an *in limine* ruling that the admission of the recorded conversations in which the CI speaks does not confer any right to cross-examine or impeach the CI under the Sixth Amendment, Federal Rule of Evidence ("Rule") 607, or Rule 806. Lastly, inserted in a footnote in its motion, the government asserts that if it does not call the CI as a witness at trial the defense is not entitled to a "missing witness" instruction.

*1. Government's request to admit recorded conversations*

The Government seeks an *in limine* ruling that tape recordings of various consensually-recorded conversations between the CI and the Defendants are admissible at trial. In support of its request, the Government asserts that the admission of the tapes, in the absence of testimony by the CI, is not a violation of the Confrontation Clause of the Sixth Amendment.

The Confrontation Clause of the Sixth Amendment provides that, "In all criminal prosecutions, the accused shall enjoy the right. . . to be confronted with the witnesses against him." U.S. Const. Amend. VI. In *Crawford v. Washington*, the Supreme Court held that the Confrontation Clause applies to "testimonial hearsay." 541 U.S. 36 (2004). Statements are hearsay if they are out

of court statements "offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801. Statements providing context for other admissible statements are not hearsay because they are not offered for their truth. *See United States v. Gajo*, 290 F.3d 922, 930 (7th Cir. 2002) (holding statements are not hearsay to the extent they are offered for context and not for the truth of the matter asserted). The admission of statements providing context does not violate the Confrontation Clause because the declarant is not a witness against the accused. *See Crawford,* 541 U.S. at 51, 59-60 n. 9; *United States v. Davis*, 890 F.2d 1373 (7th Cir. 1989). When recorded evidence is admitted in the absence of testimony by the informant who recorded the conversation, the Confrontation Clause of the Sixth Amendment is not violated when the statements are not being offered for their truth, but only to provide context for the defendant's admissible statements. *See U.S. v. Van Sach*, 458 F.3d 694, 701-02 (7th Cir. 2006) (holding no issue of "testimonial hearsay" where recordings are not being offered for their truth but rather as context for the defendant's admissions); *Davis*, 890 F.2d at 1380 ("[T]he admission of [the informant's] portion of the conversations do not implicate [the defendant's] sixth amendment rights because the tape recorded statements were admitted for the limited purpose of placing [the defendant's] statements in context.").

Here, the Government has represented that it only intends to introduce the tape-recorded statements of the CI to provide context to Lewis and Williams' statements, and not for their truth. The Government has also represented that it will request and submit a jury instruction to this effect. Therefore, the admission of the tape recordings at trial, in the absence of the CI's testimony, does not violate Lewis and Williams' Sixth Amendment right to confrontation.

### 2. *Government's request for an in limine ruling on impeachment*

8

Next, the Government moves for an *in limine* ruling that the admission of the recorded conversations in which the CI speaks does not confer any right to cross-examine or impeach the CI under the Sixth Amendment, Rule 607, or Rule 806.

As previously mentioned, when an individual does not testify at trial but his statements are introduced into evidence only to provide context to otherwise admissible statements, he is eliminated as a "witness" against the defendant. *See U.S. v. McClain*, 934 F.2d 822, 832 (7th Cir. 1991). Therefore, no Sixth Amendment right to cross-examine or impeach the individual applies. *Id*. Likewise, neither Rule 607 nor Rule 806 affords any right to cross-examine or impeach an individual where the individual is eliminated as a "witness" against the defendant. Rule 607 allows impeachment of a *witness* (emphasis added). Rule 806 provides a means of attacking a declarant's credibility. It provides for impeachment of a hearsay declarant, or a declarant whose non-hearsay statement came in under Rule 801(d)(2)(c), (D) or (E). *See McClain*, 934 F.2d at 832-33.

Here, the Government represents that it is introducing the CI's statements, not for their truth, but only to provide context to Lewis and Williams' statements, and that they will request such a limiting instruction. Therefore, the CI is eliminated as a "witness" against Lewis and Williams. If the CI is not a "witness" against Lewis and Williams they have no right under the Sixth Amendment or Rule 607 to cross-examine or impeach him. Similarly, Rule 806 does not confer a right to cross-examine or impeach the CI. Again, the CI is not "witness" against Lewis or Williams, and the Defendants' have offered no reasons why the CI's statements constitute an admission by a party opponent specified in one of the three subheadings of 801(d)(2). Therefore, this Court finds that the admission of the CI's recorded conversations does not confer any right for Lewis and Williams to cross-examine or impeach the CI.

9

*3. Government's assertion that no "missing witness" instruction is necessary*

If the CI is available to testify for the defense, he is not a missing witness and a missing witness instruction is improper. *See U.S. v. Cochran*, 955 F.2d 1116, 1122-24 (7th Cir. 1992) (holding district court's refusal to give missing witness instruction was not error where CI was in the building where trial was conducted and the Defendant had failed to prove that the witness was unavailable to him); *See also U.S. v. Rollins*, 862 F.2d 1282, 1289 (7th Cir. 1988) (witness' status as a government informant does not establish unavailability to testify for defense).

**C. Defendants' Motion for Production of the CI**

Lewis and Williams move this Court to order the Government to produce the CI used by the Government in the investigation of this case and for disclosure of all information related to the CI. The Government, in turn, requests: (1) that if the Defendants intend to call the CI as a witness at trial, the Court require them to make a pretrial showing of the relevance of any expected testimony from the CI; (2) that if the Defendants proffer a viable basis for the CI's testimony, the Court conduct a preliminary *voir dire* of the CI outside the presence of the jury; and (3) that if this Court permits the Defendants to call the CI as a witness at trial, it limit the Defendants scope of impeachment of the CI.

*1. Lewis and Williams' requests for production*

Lewis and Williams ask this Court to compel the Government to produce the CI for service of a subpoena and for a pretrial interview. They also request that the government disclose twenty different categories of information regarding the CI. "The government has a limited privilege to withhold the identify of a confidential informant from a criminal defendant." *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001) (*citing Roviaro v. United States*, 353 U.S. 53, 60

(1957)). This privilege is designed to encourage individuals to come forward with information by preserving their anonymity. *See Roviaro*, 353 U.S. at 59. At the same time, the interest in maintaining an informant's anonymity must be balanced "against the [defendant's] right to prepare his defense." *Id*. at 62. Under this balancing test, the privilege will not apply "[w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused." *Id*. at 60-61. The burden is on the defendant to establish that disclosure is "relevant and helpful to [his] defense" or "essential to fair determination of a cause." *Jefferson*, 252 F.3d at 941; *see also United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993) (where public interest in protecting the free flow of information is strong, defendant must demonstrate a "genuine need" for disclosure). "When the informant is a mere 'tipster,' rather than a participant or an eye witness to the event in question, disclosure will not be required." *United States v. Andrus*, 775 F.2d 825, 842 (7th Cir. 1985); *see United States v. Lewis*, 671 F.2d 1025, 1027 (7th Cir. 1982) ("Where the informant is a mere 'tipster,' disclosure of his identity will rarely be appropriate under the balancing test of *Roviaro*"). But the public interest in withholding an informant's identity must give way to the interests of the defendant when the informant "had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime and might be a material witness as to whether the accused knowingly transported the drugs as charged." *Roviaro*, 353 U.S. at 55.

If a defendant meets his burden for disclosure of the CI, the Government's obligation to disclose the identity of the informer does not hinge on whether the witness will testify at trial. *Roviaro,* 353 U.S. at 55-56; *see also Banks v. Dretke*, 540 U.S. 668, 697 (2004) ("The issue of evidentiary law in *Roviaro* was whether (or when) the Government is obliged to reveal the identity

of an undercover informer the Government does *not* call as a trial witness"). Indeed, if an informant possesses information helpful to the defense, it would be less likely that the Government would call the witness at trial.

Here, there is a clear indication that the CI possesses information regarding the criminal conduct for which Lewis and Williams are being charged. The CI provided certain background information to the Government, and not only initiated, but helped set up the staged robbery of the drug organization. The CI also acted as an intermediary between the Defendants and the UCA posing as the disgruntled drug courier seeking to rob cocaine from the Mexican drug organization. The CI in this case occupied a position similar to the informant in *Rovario*. The CI participated in and witnessed the events alleged in the Indictment and was present when Lewis and Williams were arrested. The CI also participated in numerous recorded telephone calls and in-person meetings with the Defendants and the UCA that the Government intends to use as evidence against the Defendants at trial. As such, the CI could be helpful to the defense by "amplify[ing] or contradict[ing] the testimony of government witnesses." *Rovario*, 353 U.S. at 64. Significantly, the Government has offered no law enforcement or safety reason why the CI's identity should not be disclosed. Because the CI was both a participant in and witness to the conduct giving rise to the charges against Lewis and Williams, the Defendants' motion is granted in that the Government is required to disclose the CI's identity, make him available for service of a subpoena, and disclose any other material information it has regarding the CI; however, the Defendants' motion is denied to the extent that they request this Court to order the Government to go further and actually produce the CI for an

interview.² Further, the defense is reminded that the CI may not be called for the sole purpose of impeachment. *See United States v. Finley*, 708 F.Supp. 906, 909 (N.D. Ill. 1989) ("A party may not call a witness for the sole purpose of impeaching him.") (citing *United States v. Webster*, 734 F.2d 1191, 1192 (7th Cir. 1984).

  *2. Government's requests relating to the CI*

  In response to Lewis and Williams' Motion to Produce the CI, the Government moves this Court to: (1) require the Defendants to make a pretrial showing of the relevance of any expected testimony from the CI if they plan to call him as a witness at trial; (2) conduct a preliminary *voir dire* of the CI outside the presence of the jury if the Defendants proffer a viable basis for the CI's testimony; and (3) limit the Defendants scope of impeachment of the CI if this Court permits them to call the CI as a witness at trial.

  a.  Pretrial showing of relevant testimony

  The Government's request to require the Defendants to make a pretrial showing of the relevance of any testimony they expect to illicit from the CI is granted.  "A party may not call a witness for the sole purpose of impeaching him." *United States v. Giles*, 246 F.3d 966, 974 (7th Cir. 2001) (*citing United States v. Webster*, 734 F.2d 1191, 1192 (7th Cir. 1984)).  Requiring the Defendants to make a proffer of the CI's expected testimony will ensure that there is a legitimate good faith basis for calling the CI as a witness. *See Finley*, 708 F.Supp. at 910 (requiring defendant to make an advance proffer of the relevance of informant's testimony before allowing defendant to call the informant as a witness at trial).  Further, Lewis and Williams have not objected to this

---

  ²In its response to Defendants' motion, the Government represents that it has already produced various material that the Defendants are seeking.  To the extent that the Government has already produced the Defendants with the requested information, the Defendant's requests are denied as moot.  The Government also correctly notes that it cannot order a witness to submit to an interview.

request by the Government.

### b. *Voir Dire* request

The Government's request for a preliminary *voir dire* of the CI outside the presence of the jury is granted. As stated above, the Defendants must show the Court the relevance of the CI's testimony before they can call him as a witness at trial. This is to ensure that the CI is being called to offer favorable testimony and not for the sole purpose of impeachment. The Court must determine if there is a viable basis for the Defendants to call the CI as a witness.

### c. Impeachment restriction

In support of its request to restrict the Defendants' impeachment of the CI if he testifies at trial, the Government urges this Court to adopt the impeachment restriction imposed by Judge Rovner in *Finley*.[3] In *Finley*, the CI's statements permeated tape recordings that implicated the defendant. *United States v. McClain*, 934 F.2d at 832. The government decided not to call the CI as a witness; however, it did offer the tape recordings into evidence. *Id*. The court gave a limiting instruction to the jury instructing them to consider the CI's statements on the tape only for the context they provided and not for their truth. *Id*. Judge Rovner allowed the defendant to call the CI as a witness at trial and to inquire into the taped conversations; however, she limited the impeachment of the CI to specific prior inconsistent statements should such contradictions in the testimony appear. *Id*. at 832-33. No impeachment on collateral matters was permitted. *Id*. On appeal, the Seventh Circuit upheld Judge Rovner's impeachment restriction. The court reasoned that Judge Rovner's limiting instruction to the jury regarding the CI's taped statements eliminated the CI as a "witness" against the defendant, and therefore the Defendant had no right to impeach the CI

---

[3]On appeal, *Finley* was denominated *United States v. McClain*, 934 F.2d 822 (7th Cir. 1991).

under the sixth amendment or under Rule 607 or 806. *Id*. at 832.

In *Finley*, the Defendant had already made a pretrial proffer of what the CI would testify to if called as a witness at trial. Judge Rovner was aware when she imposed her impeachment restriction that the CI would only be testifying in regards to the taped conversations. This Court has already ruled that the admission of the CI's tape-recorded statements does not give Lewis and Williams the right to impeach the CI; however, at this time, the Court does not know if Lewis and Williams plan on calling the CI as a witness at trial, if the CI will be permitted to testify, or what the scope of that testimony will be. Therefore, this Court will reserve ruling on the Government's request to restrict Defendants' impeachment of the CI.

**D. Williams' Motions *in Limine***

*1. Motion Concerning the Video Arrest of Defendants on January 4, 2007*

Defendant Williams moves this Court to bar the Government from introducing, as evidence at trial, the video of the arrest of the Defendants' on January 4, 2007. Williams asserts that: (1) the video arrest of the Defendants' has no probative value; and (2) that the video is dark and no one can be identified on it. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. The video of the arrest of the Defendants is relevant. Williams' arguments concerning whether someone watching the tape could identify the individuals on the tape, goes to the weight of the evidence, not its admissibility. Assuming the Government can lay the appropriate foundation, the January 4, 2007 video arrest of the Defendants is admissible.

*2. Motion Concerning the Alleged Statements of Co-Defendant, Scott Lewis, to the CI*

Sometime before December 2006 during a meeting with the CI, Lewis told the CI that he was

15

a member of the Black Gangster Disciple street gang, had been to prison on two separate occasions, frequently possessed firearms, dealt illegal narcotics and had a crew of "killers" that he had done robberies and other violent crimes with. (Gov. Santiago Proff. at 7). Williams moves this Court to bar the Government from introducing this statement at trial. The Government has not yet responded to Williams motion, and therefore the Court will reserve ruling until after November 24, 2008, the date that this Court has set for the parties to file their responses to motions in limine.

## *CONCLUSION AND ORDER*

For the reasons stated above, this Court reserves ruling on the Government's Motion to Preclude an Entrapment Defense as to Lewis and grants the Government's Motion to Preclude an Entrapment Defense as to Williams. If Lewis asserts an entrapment defense at trial, it is highly probable that his previous convictions will be admissible; however, a more thorough analysis of Lewis' convictions is reserved for trial. This Court grants the Government's Motion Concerning Recorded Conversations. Further, no "missing witness" instruction will be given if the CI is available to testify for the defense at trial. This Court grants Defendants' Motion for Production of the CI to the extent that the Government is ordered to disclose the identity of the CI, produce the CI for service of subpoena and produce any information it has regarding the CI that it has not already produced; however, this Court denies the Defendants' request to go further and order the Government to actually produce the CI for an interview. This Court grants the Government's request to require the Defendants to make a pretrial proffer of the CI's expected testimony if they intend to call him as a witness at trial and its request to conduct a *voir dire* of the CI. This Court reserves ruling on the Government's request to limit Defendants' impeachment of the CI. Finally, this Court denies Williams' Motion Concerning the Video Arrest of Defendants on January 4, 2007

and reserves ruling on Williams' Motion Concerning the Alleged Statements of his Co-Defendant Scott Lewis.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: November 25, 2008